412 P.2d 69

**Frank G. PATCHETT and Moro G. Patchett, husband and wife, Appellants,**

v.

**Anthony DiVITO and Antonietta F. DiVito, his wife, Appellees.[*]**

**No: I CA–CIV 43.**

Court of Appeals of Arizona.

March 18, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7732. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Marvin Johnson, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, James Moeller, Phoenix, for appellees.

STEVENS, Chief Judge.

The Patchetts are the plaintiffs in an action which was filed for an accounting in relation to a claimed partnership. The case was tried without a jury and the trial court ruled in favor of the defendants DiVito.

Patchett, an electrical contractor from Michigan, was in Arizona briefly in the year 1954, and while he was in Arizona, secured a license as an electrical contractor. Before he returned to Michigan, he and DiVito entered into a verbal arrangement with reference to the use of the Arizona license. DiVito remained in Arizona, Patchett returning to Arizona in late July or August 1956. This suit was filed on 1 August 1960.

The complaint alleges a partnership and requests an accounting. The answer urges that there was no partnership and pleads the defenses of the statute of limitations and laches. The DiVitos also urge that if the Court determines that there was a partnership, then they also request an accounting.

The issues were framed by the pleadings and the matters presented at pre-trial. It was determined that the controversy should be resolved in two phases, that the first phase should be a trial relative to the ques-

tion of the fact of the partnership and that if the Court determined that there was a partnership, then the matter of the accounting would be presented to a master.

Section 12-544 A.R.S. relates to the 4 year limitations of actions. The Section states in part:

"There shall be commenced and prosecuted within four years after the cause of action accrues, and not afterward, the following actions:

\* \* \* \* \* \*

2. By one partner against his copartner for a settlement of the partnership account, \* \* \* and the cause of action shall be considered as having accrued upon a cessation of the dealings in which they were interested together."

Arizona has adopted the Uniform Partnership Act. Section 29-229 A.R.S. is headed "Dissolution defined" and reads as follows:

"The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business."

Section 29-243 A.R.S. is headed "Accrual of actions" and reads as follows:

"The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary."

The case was tried upon the oral testimony of Patchett and DiVito supplemented by written interrogatories and the answers thereto as well as certain exhibits. Both parties rested on the issue of the presence or absence of a partnership at the close of the plaintiffs' case and after the matter had been taken under advisement, the trial court made the following findings of fact and conclusions of law:

"NOW THEREFORE this Court finds as follows:

1. Whether or not there was a partnership between the parties prior to August 1, 1956, there has been none since that time. After that time, at least, the relationship was one of employer and employee.

2. Any claim for accounting for any partnership there may have been has been unduly delayed, and so much time has passed that it would be unreasonable and impractical to attempt to determine the rights of the parties.

3. Each party has previously taken positions under oath or publicly wholly at variance with the positions taken in this cause, and it would be inequitable to successfully make the claims now asserted.

## CONCLUSIONS OF LAW

In the light of the foregoing findings of fact, this Court concludes as follows:

4. It is unnecessary to determine whether these claims are barred by the Statute of Limitations, because they are in any case barred by laches.

5. The parties are estopped from pressing their claims against each other.

6. There has been no partnership between the parties, at least since August 1, 1956."

Judgment was entered in favor of the defendants on the plaintiffs' complaint and in favor the plaintiffs on the defendants' counterclaim. The plaintiffs prosecute this appeal and the defendants did not cross-appeal.

On the appeal it is urged that the court should have made an express determination as to the presence or absence of a partnership within the four years next proceeding the filing of the suit and that the evidence supports a finding of the fact of a partnership.

In the partnership case of Younis v. Griego, 72 Ariz. 369, 236 P.2d 358 (1951), the court quotes favorably from 68 C.J.S. Partnership § 414 and from Am.Jur., these quotations being found on page 373 of the

Arizona Reports, on page 360 of 236 P.2d and being as follows:

"The right to maintain a suit for a partnership accounting may be lost through laches, especially where, by reason of plaintiff's long delay, evidence has been lost, or defendant has been placed in a disadvantageous position, or it has become impossible for the court to do full justice to both parties. Whether or not plaintiff is chargeable with laches is a matter to be determined according to the circumstances of the particular case, * * *.

"The right of a partner to have an accounting of the partnership affairs may be lost by the operation of the statute of limitations when made applicable to actions therefor, or by delay amounting to laches. No hard and fast rule can be laid down as to the time from which the statute of limitations runs on the right of a partner to have an accounting. * * *"

In the case of Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954), we find the following statements with reference to laches, on page 406 of the Arizona Reports, on page 165 of 273 P.2d:

"This court recognizes as meritorious the defense of laches. The general rule is that a plaintiff must exercise diligence and avoid unreasonable delay in prosecuting an action. The reason for this rule is that unreasonable delay and lack of diligence either evidence an abandonment by the plaintiff of his claim or else prejudice in some way the defense against such claim. * * *"

"Basically, then, the question before us is whether plaintiff's delay evidenced an abandonment of his claim or prejudiced the defense. In resolving questions of this nature we are governed by the application of the following rules. The trial court has broad discretion in the balancing of evidence and unless this discretion is shown to be clearly abused, the judgment resulting therefrom will not be disturbed.

(Citations omitted) Evidence will be considered in the light most favorable to the appellee."

It is our opinion that a detailed recitation of the matters presented to the trial court would add little to the case law of this State. It is our opinion that the decision of the trial judge both as to the question as to laches and the question of statute of limitations, is supported by the evidence.

The judgment is affirmed.

DONOFRIO, J., and WARREN L. McCARTHY, Superior Court Judge, concurring.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Superior Court Judge WARREN L. McCARTHY was called to sit in his stead and participate in the determination of this decision.